| | |
|---|---|
| John Heenan | Benjamin R. Bingham* |
| HEENAN LAW FIRM | BINGHAM & LEA |
| P.O. Box 2278 | 319 Maverick Street |
| Billings, Montana 59103 | San Antonio, Texas 78212 |
| Telephone: (406) 839-9091 | Telephone: (210) 224-1819 |
| Facsimile: (406) 839-9092 | ben@binghamandlea.com |
| john@heenanlawfirm.com | *Pro hac vice status pending* |

Steven C. Haddon
HADDON LAW OFFICE
7 W. 6th Ave., 4th Fl.
Helena, MT 59601
Telephone: (406) 457-5466
Facsimile: (406) 443-6589
shaddon@haddonlaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| JASON PINTER; LOWELL DENNIS SCHAFER; and ANGELA TATE; | Cause No.: CV-09-59-BLG-RFC |
| Plaintiffs, | Judge: Richard F. Cebull |
| vs. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| D.A. DAVIDSON & CO., | |
| Defendant. | |

Plaintiffs PINTER, SCHAFER and TATE, individually and on behalf of a class of persons similarly situated, file this Class Action Complaint and Jury

Demand against Defendant D.A. DAVIDSON & CO., and respectfully show as follows:

## INTRODUCTION

1. This case arises from the compromise of confidential personal and financial information that occurred when Defendant's computer system was hacked and mined for personal information concerning clients of Defendant's. Plaintiffs, for themselves and on behalf of the class of persons whose confidential personal and financial information was compromised in the data breach, seek relief from the Court to compensate them for their injuries caused by Defendant's data breach and to protect them from potential identity theft and other consequences of Defendant's data breach and Defendant's failure to destroy records concerning former clients, thus exposing them to theft.

2. Davidson did not maintain reasonable procedures designed to prevent unauthorized access to its clients' confidential personal and financial information.

## PARTIES

3. Plaintiff JASON PINTER was at all times relevant hereto a citizen and resident of the State of Montana, County of Yellowstone. Plaintiff LOWELL DENNIS SCHAFER was at all times hereto a citizen and resident of the State of Montana, County of Gallatin. Plaintiff ANGELA TATE was at all times relevant hereto a citizen and resident of the State of Washington. Plaintiffs are all current

or former clients of Defendant whose confidential personal and financial information was accessed and compromised as a result of Defendant's data breach.

4.    Defendant D.A. DAVIDSON & CO. (hereafter "Davidson") is a corporation organized under the laws of Montana with its principal office and place of business in Great Falls, Montana.

## JURISDICTION AND VENUE

5.    The Court has subject matter jurisdiction over the subject of this case pursuant 28 U.S.C. 1331 (federal question jurisdiction) and pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d), because the class has more than one hundred (100) members, the amount in controversy exceeds $5 million, exclusive of interest and costs, and some members of the class are citizens of states different than Defendant.  The Court has personal jurisdiction over Defendant because it transacts sufficient business in this district to subject it to the jurisdiction of this Court. More specifically, the class has about 226,000 members. A 2003 survey indicated that the average out-of- pocket costs incurred by victims of identity theft victims who reported out of pocket costs was $740.00. The mean fraud amount suffered by identity theft victims was $5,720.00 in 2007. Even if the out-of-pocket cost for obtaining a new driver's license or other identification were a nominal $25.00 per class member, the CAFA jurisdictional requirement would be fulfilled.

6. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this district, and therefore, resides in this district for the purposes of 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims in this case occurred in this district, and because one of the Plaintiffs resides in this district.

## **FACTS**

7. Davidson is a full-service investment firm. In the course of its business, Davidson is required to collect and maintain certain confidential personal and financial information of its clients. On January 30, 2008, Davidson announced publicly in a press release that a computer database containing certain confidential personal and financial information of its current and former clients was compromised by a computer hacker who illegally obtained access to the clients' confidential information. Just one day prior to the press release, Davidson sent Plaintiffs and the class members a letter dated January 29, 2008, stating that the confidential information that the third-party hacker obtained through the data breach included the names, addresses, birthdates, Social Security numbers, and/or Davidson account numbers of the current and former clients, including Plaintiffs. On information and belief, approximately 226,000 Davidson clients were affected by the data breach.

8.     On information and belief, Davidson did not immediately learn about the data breach. On information and belief, the data breach occurred in late December 2007, and Davidson did not discover the breach until mid-January 2008. On information and belief, law enforcement and regulatory authorities were notified at that time.

9.     Davidson's data breach and compromise of Plaintiffs' and class members' confidential personal and financial information—particularly their Social Security numbers and dates of birth—exposes them to increased risk of fraud and identity theft. Indeed, in Davidson's letter to Plaintiffs about the data breach, Davidson stated it was "concerned about the possible misuse of" Plaintiffs' and class members' confidential personal and financial information. Typical misuse of this information includes someone opening credit cards in the victims' name, then running up charges, or "takeover" of existing credit cards accounts.

10.     Davidson's delay in discovering the data breach and in notifying Plaintiffs and class members about the intrusion exposed Plaintiffs and class members to further harm arising from fraudulent transactions. Further, on information and belief, Davidson had no policy to destroy the records concerning former account owners, or failed to follow any policy, thus exposing thousands of former account owners to risk of theft of personal information for which Davidson no longer had a legitimate use.

11. Davidson has both statutory and common law duties to maintain adequate computer data security to adequately protect its clients' confidential personal and financial information and a duty to destroy records of customers after Davidson no longer has a legitimate business use.

12. Davidson breached the duties owed to Plaintiffs and class members by failing to adequately protect clients' confidential personal and financial information from theft and unauthorized disclosure and by failing to maintain adequate computer data security and by failing to have or to maintain procedures to destroy records of customers after accounts have been closed, in some cases, for years. Davidson should have undertaken adequate security measures to prevent and/or detect illegal intrusions into their computer systems. Davidson should not have allowed records of former customers to exist past their reasonable retention life, and failing to destroy records of former customers, exposed the records and the information in them to an unreasonable risk of compromise and theft.

## COUNT ONE— NEGLIGENCE

13. Plaintiffs incorporate by reference and restates here the factual allegations contained in paragraphs 1-12 above.

14. Davidson obtained possession of confidential personal and financial information belonging to Plaintiffs and class members and had a duty to adequately protect that information from theft and unauthorized disclosure.

Davidson did not exercise reasonable care in safeguarding its current and former clients' confidential personal and financial information. Davidson failed to comply with industry standards designed to protect such confidential personal and financial information from theft and/or prevent others from obtaining unauthorized access to that information.

15. Davidson negligently delayed disclosure of the data breach, and therefore, unreasonably exposed Plaintiffs and class members to additional harm and injury.

16. Davidson's negligence has directly and proximately caused Plaintiffs and class members' economic and non-economic damages including out-of-pocket loss, fear, anxiety and apprehension of fraud or loss of money, and exclusion from the point-of-sale credit market by following Davidson's advice to enroll in a credit monitoring service due to the placement of fraud alerts on their credit files.

## COUNT TWO—
## FAIR CREDIT REPORTING ACT

17. Plaintiffs incorporate by reference and restates here the factual allegations contained in paragraphs 1-16 above.

18. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") imposes the following duty: "Every consumer reporting agency shall maintain reasonable procedures designed to … limit the furnishing of consumer reports to the purposes listed under [15 U.S.C. § 1681b]." 15 U.S.C. § 1681e. Section 1681b

of the FCRA sets forth various permissible purposes for the furnishing of consumer reports. Allowing consumer information to be accessed by a computer hacker does not comply with any permissible purpose set forth in Section 1681b.

19. The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Davidson is a "consumer reporting agency" as defined by the FCRA. On information and belief, Davidson, as a securities broker dealer, assembles credit information and furnishes it to third parties.

20. The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family or household purposes; employment purposes; or any other purpose authorized under [15 U.S.C. § 1681b]." 15 U.S.C. § 1681a(d)(1). The

credit information Davidson assembles constitutes a "consumer report" as defined by the FCRA.

21.   Plaintiffs and class members are "consumers" as defined and construed under the FCRA.  15 U.S.C. § 1681a(c).

22.   The FCRA requires "any person that maintains or otherwise possesses consumer information … derived from consumer reports for a business purpose to properly dispose of any such information or compilation."   15 U.S.C. § 1681w(a)(1).  In connection with this requirement, 16 C.F.R. §§ 682.1 to 682.5 require, in relevant part:  "Any person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal."  "Dispose" is defined to include "the transfer of any medium, including computer equipment, upon which consumer information is stored."

23.   Davidson failed to comply with the disposal rule by not taking reasonable measures to protect against unauthorized access and by failing to dispose of former client information in a timely manner.

24.   Davidson  failed to comply with the FCRA, the direct and proximate result of which was economic and non-economic damages to Plaintiffs and the class members including out-of-pocket loss, fear, anxiety and apprehension of

fraud or loss of money. Pursuant to the FCRA, Plaintiffs and the class are entitled to recover their actual damages as well as reasonable attorney's fees and costs.

## COUNT THREE—
## BREACH OF CONTRACT

25. Plaintiffs incorporate by reference and restate here the factual allegations contained in paragraphs 1-24 above.

26. Plaintiffs and the class members on the one hand and Davidson on the other were parties to a contract that required Davidson to adequately safeguard and protect Plaintiffs' and the class members' confidential personal and financial information from theft or unauthorized disclosure.

27. Davidson breached its agreements with Plaintiff and class members by failing to adequately safeguard and protect Plaintiff's and class members' confidential personal and financial information and by failing to maintain adequate computer data security.

28. Plaintiff and class members have been injured as a proximate result of the Davidson's breach of contract as set forth. In addition, Davidson's conduct constitutes a breach of the duties arising from the common law bailment.

## COUNT FOUR—
## BREACH OF FIDUCIARY DUTY

29. Plaintiffs incorporate by reference and restate here the factual allegations contained in the paragraphs 1-28 above.

30. Davidson stood in a fiduciary capacity to Plaintiffs and the class members. Davidson on the one hand and Plaintiffs and the class members on the other hand had a special, advisor-advisee relationship giving rise to a fiduciary duty. Plaintiffs and the class members reasonably placed their trust and confidence in Davidson by providing their confidential personal and financial information.

31. Davidson breached its fiduciary duty by failing to adequately protect the confidential personal and financial information provided to them by Plaintiffs and the class members. Davidson's breaches of fiduciary duty caused harm and injury to Plaintiffs and the class members as set forth.

## COUNT FIVE- MONTANA CONSUMER PROTECTION ACT

32. Plaintiffs incorporate by reference and restates here the factual allegations contained in paragraphs 1-31 above.

33. The Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101 et seq., provides in pertinent part:

"A business shall take all reasonable steps to destroy or arrange for the destruction of a customer's records within its custody or control containing personal information that is no longer necessary to be retained by the business by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable." Mont. Code Ann. § 30-14-1703.

"Any person or business that conducts business in Montana and that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the data system following discovery or notification of the breach to any resident of Montana whose unencrypted personal information was or is reasonably believed to have been acquired by an unauthorized person." Mont. Code Ann. § 30-14-1704(1).

34. Davidson failed to comply with the duty and obligation to destroy Plaintiffs' personal information in a timely fashion as required under Part 17 of the Montana Consumer Protection Act.

35. Davidson failed to comply with the duty and obligation to disclose the data breach to Plaintiffs and the class members in a timely fashion as required under Part 17 of the Montana Consumer Protection Act.

36. Plaintiffs and the class members are entitled to statutory damages of not less than $500 and recovery of their reasonable attorney's fees and costs as a direct and proximate result of Davidson's violation of the Montana Consumer Protection Act. Mont. Code Ann. § 30-14-133.[1]

## COUNT SIX- NEGLIGENCE PER SE

---

[1] The Montana Consumer Protection Act precludes class actions under the Act from being advanced in state district court. The procedure in diversity suits, however, is governed by federal law. This includes the maintenance of class actions under F.R.Civ.P. 23, even where the state's consumer protection law may purport to prohibit such actions under the state's substantive law. *See Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008).

37. Plaintiffs incorporates by reference and restates here the factual allegations contained in paragraphs 1-36 above.

38. Davidson failed to comply with the duty and obligation to destroy Plaintiffs' personal information in a timely fashion as required under Part 17 of the Montana Consumer Protection Act, constituting negligence per se which has proximately caused actual damages to Plaintiffs and the members of the class.

39. Plaintiffs belong to the class of persons and suffered the type of injury that the Montana Consumer Protection Act was designed to protect.  Plaintiffs have suffered damages as a proximate result of Davidson's breaches described above because, among other things, Plaintiffs are now exposed to fraud and identity theft and will be excluded from the point-of-sale credit market by following Davidson's advice to enroll in a credit monitoring service due to the placement of fraud alerts on their credit files.  Davidson's conduct constitutes negligence per se.

## CLASS DEFINITION, ALLEGATIONS, AND INJURY TO THE CLASS (Counts One through Five)

40. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks certification of a class under Rule 23(b)(1), (b)(2), and (b)(3).

41. Class Definition. The class is composed of all persons who were current or former clients of Davidson and whose confidential personal and financial information was accessed during the period of the data breach.

42. Numerosity. The class is comprised of thousands of persons and is so numerous that joinder of all members is impracticable, on information and belief form published reports, the class consists of approximately 226,000 persons.

43. Commonality. There are questions of law or fact common to the class. The claims or defenses of Plaintiffs as the representative parties are typical of the claims or defenses of the class. Further, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and include without limitation, the following:

    a.  Whether Davidson took reasonable measures to safeguard the confidential personal and financial information of their current and former clients;

    b.  Whether Davidson owed a duty to Plaintiffs and the class to protect their confidential personal and financial information;

    c.  Whether Davidson breached a duty and were negligent in failing to maintain adequate computer data security for Plaintiffs' and the class members' confidential personal and financial information;

    d.  Whether Davidson breached statutory and/or common law duties by failing to inform directly or indirectly in a timely fashion the proper law

enforcement and regulatory authorities as well as Plaintiffs and the class members of the data breach;

e. Whether the class is entitled to notice as to whether the security of their confidential personal and financial information was compromised as a result of a data breach at Davidson;

f. Whether the class has sustained damages, and if so, what is the proper measure of those damages; and

g. Whether the class is entitled to an award of reasonable attorneys' fees and costs of Court.

44. Typicality and Adequacy. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class members they seek to represent, and they are similarly situated with members of the class. Plaintiffs, as the representative parties for the class, will fairly and adequately represent and protect the interests of the class. Furthermore, Plaintiffs' interests are not antagonistic to the class. Plaintiffs have retained counsel who is competent and experienced in the prosecution of class action litigation.

45. Predominance. Common questions of fact or law predominate over individualized issues. The facts surrounding Davidson's practices will clearly predominate over any individualized issues because this case centers on Davidson's failure to adequately safeguard and protect Plaintiffs' and the class

members' confidential personal and financial information and maintain adequate computer data security.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The interest of members of the class in individually controlling the prosecution or defense of separate actions is not great given the amount in controversy and the difficulty of detection of the enterprise and proof of it; there is no other known litigation concerning the controversy already commenced by or against members of the class; it is desirable to concentrate this litigation in one forum and there are no known difficulties likely to be encountered in the management of a class action.

## REQUEST FOR RELIEF

46. Plaintiffs request that the Court certify the class described above.

47. Plaintiffs request a jury trial on any issue to which there is a right to trial by jury.

48. Plaintiffs request that the Court award them and the class actual damages, interest as allowed by law, statutory damages as prescribed by the FCRA and the Montana Consumer Protection Act, attorneys' fees and costs, and all other relief to which the and the class are entitled at law or in equity.

49. Plaintiffs request general relief.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated:  May 22, 2009.

        HEENAN LAW FIRM

        HADDON LAW OFFICE


        */s/ John Heenan*_____
        John Heenan
        Attorneys for Plaintiffs